IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMELA J. NISELY, )
Plaintiff, )
v. ) Civil Action No. 04-132J
JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, )
Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 17th day of October, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for DIB on November 8, 2001, alleging disability beginning October 24, 1994, due to bipolar disorder and schizophrenia. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on July 16, 2002, at which plaintiff appeared represented by counsel. On November 4, 2002, the ALJ issued a decision finding that plaintiff is not disabled. On December 18, 2002, plaintiff requested review by the Appeals Council, which was denied on April 21, 2004, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 41 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a customer service representative, but she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing



AO 72A
(Rev.8/82)

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of bipolar disorder with schizophrenia, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels with certain non-exertional limitations. Plaintiff is limited to work that involves simple, routine, repetitive tasks and that involves only simple work-related decisions. In addition, plaintiff requires work that does not involve a production or quota based environment (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a printing press operator, polisher/buffer, warehouse worker, monogram machine operator, screen printer, photo finisher, housekeeping assistant, order filler, hand packer or shoe leather worker. Accordingly, the ALJ found that plaintiff is not disabled



AO 72A
(Rev.8/82)

within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).



AO 72A
(Rev.8/82)

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ's finding that her impairments do not meet or equal any listing in Appendix 1 is not supported by substantial evidence. Further, plaintiff asserts that even if her impairments do not meet or equal a listed impairment, the ALJ's step 5 finding that plaintiff retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §404.1525(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is



AO 72A
(Rev.8/82)

equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

Plaintiff's step 3 argument is that the ALJ erred in failing to find that she met listing 12.03, 12.04 or 12.06. Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff has bipolar disorder with schizophrenia, which are severe impairments. The ALJ determined, however, that plaintiff's impairments do not meet or equal a listed impairment. The ALJ stated that he considered the listings contained in section 12.00 of Appendix 1 for mental disorders, and he specifically found that plaintiff's condition does not meet or equal the criteria of listings 12.03, 12.04 or 12.06. The ALJ then explained his reasoning as to why plaintiff's impairments do not meet or equal those listings.[1] (R. 16-18). With regard to the "B" criteria of the listings, the ALJ reasoned that plaintiff has only mild restrictions of activities of daily living, mild difficulties maintaining social functioning, moderate difficulties maintaining concentration, persistence or pace, and no episodes of

---

[1]. The court notes that neither the medical progress notes from the James E. Van Zandt VA Medical Center, nor the state agency psychologist's assessment of plaintiff indicate that plaintiff's impairments meet or equal any listing. (R. 146-73, 178, 192-268).



AO 72A
(Rev.8/82)

decompensation. In support of these findings, the ALJ cited plaintiff's testimony at the hearing, as well as her written responses to a questionnaire about her daily activities and ability to function. The ALJ satisfied his burden; however, plaintiff failed to sustain her burden of showing that her impairments match or are equivalent to a listing. Significantly, other than broadly asserting that she meets or equals the criteria of certain listings, plaintiff offered absolutely no explanation of how the medical evidence establishes that to be so. For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds, neither of which the court finds persuasive. Plaintiff



AO 72A
(Rev.8/82)

argues that the ALJ erred at step 5 because: (1) the ALJ gave inadequate weight to the opinion of plaintiff's treating physician; and (2) the ALJ did not properly evaluate plaintiff's subjective complaints regarding her limitations.

Plaintiff first contends that the ALJ erred by giving inadequate weight to the opinion of her treating physician, Dr. Kopalle Kumar. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, Dr. Kumar's opinion was not entitled to controlling weight.

Dr. Kumar stated that plaintiff was permanently disabled as of 1994 due to bipolar disorder. (R. 145). Dr. Kumar's opinion was set forth on an employability assessment form for state welfare benefits. Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §404.1504. Here, Dr. Kumar's opinion that plaintiff was disabled simply was set forth on a "check-the-box" form without any objective medical evidence to support his conclusion. Indeed, a review of the medical evidence of record does not disclose the basis for Dr. Kumar's opinion. Furthermore, Dr. Komarneni, who regularly saw plaintiff at the VA Medical



AO 72A
(Rev.8/82)

Center, stated that plaintiff was not permanently or temporarily disabled. (R. 200). In addition, progress notes from the VA Medical Center indicate that plaintiff's condition was well-controlled with her medication. (R. 313-15, 320-24). For these reasons, the court finds that the ALJ correctly concluded that Dr. Kumar's opinion was not entitled to controlling weight. (R. 19).

Plaintiff's second step 5 argument is that the ALJ did not properly evaluate her subjective complaints concerning her difficulty concentrating and occasional forgetfulness. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c)(2); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). Moreover, an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Upon a review of the record, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered the relevant evidence in the record, including medical findings, plaintiff's medications and treatment, her activities of daily living, plaintiff's own statements about her limitations and statements by treating and consulting physicians about her condition. See 20 C.F.R. §404.1529(c)(1); Social Security Ruling 96-7p. As required by 20 C.F.R. §404.1529(c)(4), the ALJ then considered the extent to



AO 72A
(Rev.8/82)

which plaintiff's alleged limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. The ALJ determined that the objective evidence is inconsistent with plaintiff's subjective complaints. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 18). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 18-19), and is satisfied that such determination is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Blvd.
Suite B
Altoona, PA 16602

John J. Valkovci, Jr.
Assistant U.S. Attorney
224 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901



AO 72A
(Rev.8/82)